**NOT FOR PUBLICATION**

**FILED**

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDONG LI, | No. 14-72065 |
| Petitioner, | Agency No. A201-211-488 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Sandong Li, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence

---

     \*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*        The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Li's testimony, his asylum application, and his daughter's birth certificate as to her date of birth, the omission of an attempt by family planning officials to arrest Li's wife for sterilization, and on Li's false statements to an asylum officer. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"); *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility determination properly relied on an omission where the added details presented more compelling story of persecution); *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Li's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Li's contention that the agency did not consider his explanation for his misstatements to the asylum officer. Further, substantial evidence supports the BIA's finding that Li's evidence does not rehabilitate his credibility. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir.

2

2014).   We reject Li's contention that the BIA should have remanded his case.   In the absence of credible testimony, Li's asylum and withholding of removal claims fail.   *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**